OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks an order annulling a determination of respondent New York State Public Service Commission (PSC), that respondent is without authority to regulate the use by cable television companies of conduit space owned by Empire City Subway Company, Ltd. (Empire).
Petitioner is a nonprofit trade association of cable television systems. Two of the association’s members, Teleprompter Corporation (Teleprompter) and Manhattan Cable Television, Inc. (Manhattan), own and operate cable television systems in the Borough of Manhattan, New York City.
Teleprompter and Manhattan lease communications conduits under New York City streets from Empire. Their conduits are used for the distribution of telephone, telegraph and cable television wires. Empire is a wholly owned subsidiary of New York Telephone Company. Under con *736 tracts dating from 1891, the rates for Empire’s conduit rentals were subject to the control, modification and revision of the City of New York. The city has permitted Empire to charge rates based upon the percentage of total rented conduits used by the lessee. Under this methodology, the association’s members must pay the same proportion of the costs of excess capacity that they use of actual rented capacity. Teleprompter and Manhattan together use approximately 2% of Empire’s conduit, while New York Telephone Company (Empire’s parent corporation) uses approximately 97% of Empire’s rented conduit.
According to Empire’s latest rental rates, if approved by the City of New York, Teleprompter and Manhattan together will be charged approximately $516,906 rent annually for use of Empire’s conduits. If, however, Empire’s rates were regulated by the respondent PSC under section 119-a of the Public Service Law, the combined rates for Teleprompter and Manhattan would not exceed $310,144 annually.
The petitioner formally requested the PSC to regulate the rates, terms and conditions for the use of Empire’s underground conduits by cable television systems under section 119-a of the Public Service Law, effective July 25, 1978 ([1977] 17 PSC 103 [No. 26494]). On September 10, 1979, an Administrative Law Judge issued a ruling that the respondent PSC is without authority to examine the rates charged by the City of New York. The association then sought review to the full PSC and on November 3, 1980 the PSC issued an order denying review and upholding the ruling of the Administrative Law Judge that Empire’s rental of conduit space is not subject to its authority.
The petitioner contends that section 119-a of the Public Service Law, effective July 25, 1978, gives the PSC jurisdiction over the rates Empire charges to cable television systems for use of its conduits.
This court cannot agree with the contentions of the petitioner. Empire is not a “telephone corporation” nor does it operate a “telephone line” within the meaning of subdivisions 17 and 18 of section 2 of the Public Service Law.
*737 The Appellate Division, First Department, in 1922 in Matter of City of New York v Prendergast (202 App Div 308, 316), where a similar argument as to “electric plant” and “electric corporation” was rejected, stated: “If there is doubt whether the power is given, the Commission should not assume to act; but if it seems appropriate that the Commission should have the power, the Legislature should be asked to give it.”
Further, section 119-a of the Public Service Law, which clarified the commission’s existing authority to regulate the terms of pole and conduit attachment agreements offered by regulated utilities, does not expand the commission’s jurisdiction to control over Empire which is neither an electric nor telephone utility regulated by section 119-a. Empire does not fall within the scope of section 119-a, in this court’s opinion. The decision of the respondent should be affirmed.
The petition is therefore denied.